FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiffs
CHANDRAVADAN R.
BHAGAT, RANJAN C.
BHAGAT, Individually
and as Trustees of the
CHANDRAVADAN R.
BHAGAT REVOCABLE
LIVING TRUST

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRAVADAN R. BHAGAT; RANJAN C. BHAGAT, Individually and as Trustees of the CHANDRAVADAN R. BHAGAT LIVING TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>SAMUEL CHIANG; AT CONSTRUCTION AND DEVELOPMENT ; AND DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES. INJUNCTIVE AND DECLARATORY RELIEF**<br><br>[Violation of Federal Civil Rights - 42 U.S.C. Sections 1981 and 42 U.S.C. 1982, 1983]<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs CHANDRAVADAN R. BHAGAT, RANJAN C. BHAGAT, Individually and as Trustees of the CHANDRAVADAN R. BHAGAT REVOCABLE LIVING TRUST (collectively "Plaintiffs," or individually "C. Bhagat, R. Bhagat," "Bhagat Trust") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws of the United States, and involves violations of federal law actionable pursuant to 42 U.S.C. Sections 1981, 1982, and 1983. State supplemental jurisdiction exists under 28 U.S.C. Section 1367..

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendants reside in this District and the claims arose in this District.

## PARTIES

3. Plaintiffs C. Bhagat and R. Bhagat are husband and wife and are the legal and beneficial owners residential real property located at 18390 Bruin Court, Yorba Linda, CA 92886 ("Property").

4. Plaintiffs hold title to the property as trustees of their trust which is a family revocable trust.

5. Defendant SAMUEL CHIANG aka SAMUEL SHEN YUAN CHIANG ("SC") is an individual who on information and belief Plaintiffs allege at all

material times resided in this District.

6. Defendant AT CONSTRUCTION AND DEVELOPMENT ("AT") is a business entity who on information and belief Plaintiffs allege is a California corporation, duly formed and in good standing under the laws of the State of California and operating with a principal place of business at 18340 Yorba Linda Blvd., Suite 107, Yorba Linda, CA

7. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to him at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the occurences herein referred to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## PRELIMINARY FACTUAL HISTORY

8. The Plaintiffs are Asian-Indian and the sole joint trustees and beneficiaries of the trust.

9. On August 25, 2021, C. Bhagat entered into a written contract ("Contract") with SC and AT for said defendants to do construction and landscaping work at the property. The terms and conditions of the agreement between C. Bhagat and SC and AT are set forth in the contract which is attached hereto as Exhibit "A".

10. At the time the contract was entered into between C. Bhagat and SC and AT, SC and AT were aware that the contract was also for the benefit of R. Bhagat and the trust.

11. SC and AT repeatedly failed to meet the deadlines for completing work and construction on the property pursuant to the contract.

12. On or about January 7, 2023, C, Bhagat and SC and AT entered into a written modification of the contract ("Modification") as set forth in the document which is attached hereto as Exhibit "B".

13. Pursuant to the modification, C. Bhagat paid SC and AT $9,900.00 to begin finishing work on the property, but SC and AT failed and refused to do so, demanding additional monies not agreed to between the parties.

14. Pursuant to the dispute between C. Bhagat, SC and AT, said defendants threatened C. Bhagat, and Plaintiffs, to not only not complete the work on the property but also to have the City of Yorba Linda ("City") unilaterally, and without giving Plaintiffs notice and opportunity to be heard, cancel three building permits ("Permits") issued for the benefit of Plaintiffs.

15. Said permits were issued by the City for the benefit of the Plaintiffs with knowledge of the property address and ownership of the property.

16. On information and belief, pursuant to the actions taken by SC and AT, the City has initiated the process to cancel the permits unilaterally, and without giving Plaintiffs notice and opportunity to be heard

17. SC and AT has taken similar actions in intentionally failing to fulfill construction and landscaping contracts for other residential property owners who are Asian-Indian.

18. Said property owners referred to in paragraph 17 above are owners of properties located 4043 Haley Lane, Torba Linda, CA 92886 and 18302 Garner Way, Yorba Linda, CA 92886.

19. In taking the actions described above in paragraphs 8-18 above, SC and AT have expressed their distrust of Plaintiffs and the other Asian-Indian property in fulfilling payment on their contracts, and in the process have made depercatory personal remarks against Plaintiffs, while at the same time SC and AT have not taken such actions or had contractual disputes with similar residential property owners who are Caucasian or non Asian-Indians.

20. As a result of the actions of the Defendants, and each of them as set forth in paragraphs 8-19 above, Plaintiffs have suffered substantial economic and non-economic damages..

## FIRST CLAIM FOR RELIEF

### (Violation of Civil Rights Under 42 U.S.C. Section 1981 by Plaintiffs Against All Defendants)

21. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in paragraphs 1 through 20, and all its subparts, inclusive, as set forth hereinabove.

22. Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, the Defendants violated the provisions under 42 U.S.C. Section 1981..

23. As a proximate result of the foregoing acts of Defendants, and each of them, Plaintiffs have suffered extreme hardship and damages, which damages include, but is not limited to, economic damages, according to proof at trial, but no less than $5,000,000.00; and to appropriate declaratory and injunctive relief against all the Defendants, and to their reasonable attorneys fees under 42 U.S.C. section 1988.

## SECOND CLAIM FOR RELIEF

### (Violation of Civil Rights Under 42 U.S.C. Section 1982 by Plaintiffs Against All Defendants)

24. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in paragraphs 1 through 23, and all its subparts, inclusive, as set forth hereinabove.

25. Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, the Defendants violated the provisions under 42 U.S.C. Section 1982.

26. As a proximate result of the foregoing acts of Defendants, and each of them, Plaintiffs have suffered extreme hardship and damages, which damages include, but is not limited to, economic damages, according to proof at trial, but no less than $5,000,000.00; and to appropriate declaratory and injunctive relief against all the Defendants, and to their reasonable attorneys fees under 42 U.S.C. section 1988.

### THIRD CLAIM FOR RELIEF

**(Violation of Civil Rights Under 42 U.S.C. Section 1983**

**by Plaintiffs Against All Defendants)**

27. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in paragraphs 1 through 26, and all its subparts, inclusive, as set forth hereinabove.

28. Plaintiffs informed and believes, and based upon such information and belief alleges, that in doing all of the things herein mentioned, defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Yorba Linda and County of Orange for purposes of "state action" under 42 U.S.C. Section 1983.

29. By taking the actions hereinabove alleged in paragraphs above, defendants, and each of them, violated the onstitutional and civil rights of plaintiffs, and in particular his right under the; the Due Process Clause of the United States Constitution as said amendment is incorporated by the Fourteenth Amendment of the United States Constitution

to be free from the taking of their permits without due process of law, by the use of state power by and thru the City.

30. As a proximate result of the foregoing acts of Defendants, and each of them, Plaintiffs have suffered extreme hardship and damages, which damages include, but is not limited to, economic damages, according to proof at trial, but no less than $5,000,000.00; and to appropriate declaratory and injunctive relief against

### FOURTH CLAIM FOR RELIEF

**(Breach of Contract by Plaintiffs Against All Defendants)**

31. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in paragraphs 1 through 30, and all its subparts, inclusive, as set forth hereinabove.

32. Plaintiffs informed and believes, and based upon such information and belief alleges, that in doing all of the things herein mentioned, defendants, and each of them, defendants, and each of them, breached the contract and modification entered into between C. Bhagat and on behalf of R. Bhagat and the trust.

33. As a proximate result of the foregoing acts of Defendants, and each of them, Plaintiffs have suffered extreme hardship and damages, which damages include, but is not limited to, economic damages, according to proof at trial, but no less than $2,000,000.00; and to appropriate declaratory and injunctive relief against

## FIFTH CLAIM FOR RELIEF

(Violation of Business & Professions Code Section 17200, et seq. by Plaintiffs Against All Defendants)

34. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in paragraphs 1 through 33, and all its subparts, inclusive, as set forth hereinabove.

35. Plaintiffs informed and believes, and based upon such information and belief alleges, that in doing all of the things herein mentioned, defendants, and each of them, defendants, and each of them, engaged in an unlawful and unfair business practice against plaintiffs.

36. As a proximate result of the foregoing acts of Defendants, and each of them, Plaintiffs have suffered extreme hardship and damages, which damages include, but is not limited to, economic damages, according to proof at trial, but no less than $1,000,000.00; of which the plaintiffs are entitled to restitution of said monies paid to the defendants, and each of them, and to appropriate declaratory and injunctive relief against said defendants.

WHEREFORE, Plaintiffs ray judgment against Defendants, and each of them, as follows:

## FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial, but believed to be not less than $5,000,000.00;

2. For declaratory and injunctive relief;

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

9

## SECOND CLAIM FOR RELIEF

4. For damages according to proof at trial, but believed to be not less than $5,000,000.00;

5. For declaratory and injunctive relief;

6. For attorney's fees pursuant to 42 U.S.C. Section 1988;

## THIRD CLAIM FOR RELIEF

7. For damages according to proof at trial, but believed to be not less than $5,000,000.00;

8. For declaratory and injunctive relief;

9. For attorney's fees pursuant to 42 U.S.C. Section 1988;

## FOURTH CLAIM FOR RELIEF

10. For damages according to proof at trial, but believed to be not less than $2,000,000.00;

11. For declaratory and injunctive relief;

12. For attorney's fees;

## FIFTH CLAIM FOR RELIEF

13. For damages according to proof at trial, but believed to be not less than $1,000,000.00;

14. For declaratory and injunctive relief;

15. For attorney's fees;

## FOR ALL CLAIMS FOR RELIEF

16. For costs of suit; and

17. For such other and further relief as the Court deems just and proper.

DATED: February 2, 2023
LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
FRANK A. WEISER, Attorney for Plaintiffs CHANDRAVADAN R. BHAGAT, RANJAN C. BHAGAT, Individually and as Trustees of the CHANDRAVADAN R. BHAGAT REVOCABLE LIVING TRUST

## DEMAND FOR JURY TRIAL

All the named Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: February 2, 2023
LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
FRANK A. WEISER, Attorney for Plaintiffs CHANDRAVADAN R. BHAGAT, RANJAN C. BHAGAT, Individually and as Trustees of the CHANDRAVADAN R. BHAGAT REVOCABLE LIVING TRUST

**EXHIBIT "A"**

## SUMMARY BREAKDOWN

Contractor: AT Construction & Development.
Phone: (626)589-0782/ Email: Samuel@alexanderconst.com
St. Lic.: B1005946/Bonding #: 10121955
Submitted to Property Owner: Bhagat Chandravadan R;   Phone: 323-303-4414
Job Site: 18390 Bruin Court, Yorba Linda, California 92886
Contract Date: 08/25/2021;          Estimated HOA approval Date:11/01/21
Estimate architectural for Gazebos, Garage, California Room Conversion on 9/15/2021
Estimate Engineering for: Pool & Fountain on 10/15/2021; California Room Conversion on 11/15/2021; Gazebos & Garage on 11/30/2021
Estimate City Permit for: Pool on 12/15/2021; Gazebos & Garage on 12/30/2021/ California Room conversion on 12/01/2021
Estimate construction date: 1/2/2022,          Estimate date of completion: 7/01/2022

| Cost Summary | Contract Amount | Notes |
|---|---|---|
| Landscaping: | | |
| Front Yard | 213,084 | |
| Left Side Yard | 28,279 | |
| Right Side Yard | 7,777 | |
| Backyard | 444,462 | |
| Miscellaneous | 60,297 | |
| Landscaping Subtotal | 753,900 | |
| Engineering | 22,380 | **See cancellation** |
| Estimated permit and fee's | 18,720 | **See cancellation** |
| TOTAL CONTRACT AMOUNT | 753,900 | |
| | | |
| 5% Non-refundable Deposit | 37,695 | See cancellation |
| 5% Deposit after all City permits approved | 37,695 | Material order after all permits approved. |
| Total Deposit | 116,490 | Including engineering, permit & fees |

I HEREBY PROPOSE TO FURNISH LABOR AND MATERIALS-COMPLETE IN ACCORDANCE WITH SPECIFICATIONS DEFINED IN THE COST BREAKDOWN AND DRAWINGS ATTACHED FOR THE SUM OF: $795,000 DOLLARS.
THIS CONTRACT MAY BE WITHDRAWN IF NOT ACCEPTED WITHIN SEVEN (7) DAYS.

BY SIGNING BELOW BOTH PARTIES AGREE AND HAVE READ PAGES 1 THROUGH 7 OF THIS BINDING CONTRACT AND ARE IN ACCORDANCE WITH PRICES, SPECIFICATIONS, AND CONDITIONS SET FORTH.

Client's Signature(s): _____

Contractor: (Samuel Chiang) _____
Date: 08/25/2021

Client(s) Initials  CA
Contractors Initials  S.G

## TERMS AND CONDITIONS OF CONTRACT

THIS CONTRACT (hereinafter referred to as the "Contract") made and entered into this

08/25/21 by and between Samuel Chiang (AT Construction & Development, Inc.), herein called

Contractor, and Bhagat Chandravadan R., herein called the Client(s).

1. Statement of work
   Contractor shall provide materials, labor, equipment, and services, and shall perform all work required to complete the work conforming to the project plans and specifications.

2. Milestones
   Milestone shall be defined as the completion described in the detail cost breakdown. (see attachment).

3. Payments
   Client(s) shall make all payments as stated in this contract. Unless otherwise stated all monies are due and payable upon completion and acceptance of each milestone and/or (permit) inspection, whichever may apply. All warranties shall be null and void until such time that Contractor receives payment in full of all monies owed and original contract including any extras.

4. Finance Charges
   Finance charges of 0.5 % per month (6% per year) will be charged on the unpaid balance of all accounts (30) thirty days past due. Finance charges will be computed on the daily balance of all delinquent amounts beginning the following day the milestone was completed.

5. Change Orders
   Should unforeseen conditions arise that could not be determined by visual inspection prior to starting work, such additional work shall be performed on a Time and Materials or Firm bid basis after the Client(s) have been notified. Any additional work not mentioned in the original contract involving extra costs will be executed only upon written change and initialed by both the Contractor and the Client(s), and will become an extra charge over and above the contract. If material(s) have been ordered and/or delivered for original contract, Client(s) shall be responsible for a restocking and delivery fee according to that of the vendor, if owner decided to make such change. Should Contractor discover in the course of performing hereunder that the jobsite (i.e. ground water, foundation, or geo-grid) is impaired as determined by authorized city officials or professional in any way; Contractor may (i) make demand upon the Client(s) to cure such situation, or (ii) cease all work hereunder until such as the situation is cured where by another Contractor, or (iii) rescind this contract and pay all monies due for work already performed.

Client(s) Initials ____

Contractors Initials ____

6. Preparation of work site area

    Client(s) assumes all responsibility to remove personal property on or around work perimeter prior to Contractor starting work. Contractor will remove or cover personal property of Client(s) if he sees fit or only upon written orders for which additional areas of storage for materials and debris. Client(s) shall supply Contractor with electrical power and water. Contractor shall not be liable for the repair or replacement should such work of the premises be damaged by anyone or anything not under the direct control of the Contractor. Client(s) shall also be liable for anyone not authorized by Contractor to enter premises while under construction and resulting from injury.

7. Permits

    Contractor shall be responsible for acquiring the required permits from the city and/or proper agency. Client(s) shall be responsible for permit fees required for the execution of this contract, including preexisting conditions, and/or expired permit fees beyond the control of the Contractor.

8. Homeowner's Association (if applicable)

    Contractor shall be responsible for acquiring proper approval required by the association and liable for all fines the association may apply. Client(s) shall also be responsible for HOA plan check fees required for the execution of this contract.

9. Commencement and Completion

    Work is to commence within 3 days after ALL permits are obtained. Contractor agrees to complete work after execution of this contract and shall diligently pursue the work to substantial completion within the time frame specified above, subject to permissible delays. Failure of the Contractor without lawful excuse to substantially commence work within 20 days from approximate date specified in the contract is a violation of the Contractor's License Law. (Business and Professions Code 7159). Should the Client(s) require postponing the work, reasonable written notification shall be communicated to the Contractor, where in turn an addendum shall be signed by both parties.

10. Warranties

    No aesthetic guaranty. Client(s) understands and agrees that the work performed hereunder is based on an agreed design by both parties and a homeowner's association (if applicable). All work and materials shall be warranted for 12 months after completion of work by the contractor and material manufacture or stated otherwise.

11. Entire Agreement

    This contract shall be binding only upon acceptance thereof by the parties. This contract shall constitute the entire agreement of the parties, and there has been no representation or oral agreements made which are not herein contained that exists between parties and no waiver, alteration, modification, renewal, or extension of this contract shall be valid unless made in writing and signed by both parties.

12. Applicable Law

Client(s) Initials _CR_

Contractors Initials _JG_

This contract is delivered and is intended to be performed in the State of California and shall be construed and enforced under the laws and said state.

13. Materials returned to Contractor at the conclusion of work

Excess materials are frequently ordered to assure production efficiency. The Client(s) is/are advised that all unused materials delivered to the job site will be returned to the Contractor following completion of the job.

14. Rework and Touch-up

Client(s) agree(s) that, should any rework, touch-up or make-up work be required following completion of each milestone, and Client(s) wishes to retain any sums due Contractor, Client(s) shall retain no more than (10%) ten percent of the milestone contracted price. Should re-work and touch-ups be necessary after completion of work, Client(s) shall notify Contractor of any re-work and/or touch-ups to be performed. Once said work is completed, any remaining balances shall be paid.

15. Delays

Client(s) understands and agrees that proper performance of work hereunder requires suitable weather. Contractor shall be excused from performance hereunder during any period of unsatisfactory weather and common observed holidays. Contractor shall be further excused from performance hereunder during any delays caused by acts of God, labor problems, shortage of materials, special orders, act of Client(s)'s or Client(s)'s agent(s), acts of public inspectors, agents or representatives, acts of public utilities, or other occurrences not foreseen by Contractor, or which are beyond their control. Contractor shall have the right to stop work under this contract, should Client(s) not make progress payments precisely as set forth in the "Cost Breakdown" attached hereto. If work stops for any reason, Contractor shall provide for protection of all materials on the premises and shall be responsible for any damage, warpage, racking, or loss of that material.

16. Statute of Limitations

No action arising from or related to the contract, or the performance thereof, shall be commenced by either party against the other, more than four years after the completion or cessation of work under this contract. This limitation shall not be extended by any negligent misrepresentation or unintentional concealment but shall be extended as provided by law for willful fraud, concealment, or misrepresentation.

17. Default

If Client(s) should default in any of their obligations under this contract, Contractor will have the right the recover, as damages, at the option of Contractor either the reasonable value of the work performed by Contractor or the balance of the contract price plus any other damages sustained because of Client(s) s default, including reasonable attorney's fees and costs.

Client(s) Initials _CR_

Contractors Initials _SC_

## PROVISIONS OF CONCRETE AND/OR COLORING

Contractor shall not be held responsible for any irregularities and/or inconsistencies of materials which present themselves in the concrete where the coloring agent has been added at the request of the client(s) either at the plant or on the job site. Several factors such as water temperature, time of a day, and curing processes may affect the final result of coloring concrete. Cracks in the cement may present themselves over time, which are part of the normal curing process.

Client(s) is/are aware of the provisions stated above.

## NOTICE OF RIGHT TO CANCEL
### 08/25/2021

Client(s) may cancel this contract, without any penalty or obligation, within 3 days from the above date.
All engineering fee, estimate permit and HOA fee becomes non-refundable after 3 days from signing the contract.

If Client(s) should cancel after permits approved from the city, and before work begin, Contractor will have the right to forfeit the 5% deposit, recover any opportunity loss and time spent coordinating with OCFA, city officials, architect, engineers and designers.

If client(s) cancel, any payments made by client(s) under the contract, and any negotiable instrument executed by client(s) will be returned within 10 days following receipt by the Contractor of client(s) cancellation notice, and any security interest arising out of the contract will be canceled.

If client(s) cancel materials, client(s) must make available to the Contractor at your residence, in substantially as good condition as when received, any goods delivered to client(s) under this contract, or client(s) may, if wish, comply with the instructions of the Contractor regarding the return shipment of the goods at client(s)'s expense and risk.

If client(s) do not make the goods available to the Contractor, or if client(s) agree to return the goods to the Contractor and fail to do so, then client(s) remain liable for the performance of all obligations under the contract.

To cancel this contract, mail (certified), fax, or deliver a signed and dated copy of this cancellation notice, or any other written notice with specific intentions to cancel current contract, or send a telegram to:

AT Construction & Development, Inc.
18340 Yorba Linda Blvd., Suite 107-468
Yorba Linda, CA 92886
samuel@alexanderconst.com

Client(s) Initials _CA_

Contractors Initials _S.C_

## NOTICE TO OWNER

"Contractors are required by law to be licensed and regulated by the "Contractors State License Board", which has jurisdiction to investigate complaints against contractors of a complaint regarding a patent act or omission is filed within four years of the date of the alleged violation. A complaint regarding a latent act of omission pertaining to structural defects must be filed within 10 years of the date of the alleged violation. Any questions concerning a contractor may be referred to:

Registrar<br>
Contractors State License Board<br>
Post Office Box 26000<br>
Sacramento, CA 95826

AT Construction & Development, Inc.
18340 Yorba Linda Blvd., Suite 107-468
Yorba Linda, CA 92886
Contractors State License #: 1005946
Workers' Compensation Insurance #: 9165617-2017

Client(s) Initials _GM_

Contractors Initials _S.G_

Page 6 of 6

**EXHIBIT "B"**

**COST BREAKDOWN**  1/4/2023

| Item | Qty | Unit price | Subtotal | Payment Current % | Payment Current Amount | Accum. % | Accum. Complt | Remain % | Remain Balance |
|---|---|---|---|---|---|---|---|---|---|
| Payment #34- partial landscaping lights, special order yard pilaster lights/ wall sconces, special order potteries and elephants. | 1/2 | 31,333 | | | 31,333 | | 917,188 | | 46,103 | 95% |

Record #9910

on 1/7/2023

The current balance is #963291 including Change orders., the homeowner has paid #887187 as January 2, 2023, there will be a 5% Balance Apx. #48,000 withholding until the work is total Completed. Not including any New Change Order afterward.

1/7/23

Bhagat Chandravadan Residence
CRBhagat86@hotmail.com
18390 Bruins Court
Yorba Linda, CA 92886
323-303-4414

Payment #34